UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT CARDEW, HARRELL BONNER,
PHILIP NELSON, MELVIN JOHNSON,
and KHALIK JONES, on behalf of
themselves and all others similarly
situated,

         Plaintiffs,     SCHEDULING ORDER
                 21-CV-6557 CJS/MJP

vs.

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, ANTHONY J. ANNUCCI,
in his official capacity as Acting Commissioner
of New York State Department of Corrections
and Community Supervision, AMY
LAMANNA, in her official capacity as
Superintendent of Five Points Correctional
Facility,

         Defendants.

_____

Pursuant to the order of the Hon. Charles J. Siragusa referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P. Rule 16(b) and Local Rule 16, and a conference having been held on January 4, 2022, with counsel relative to the matter, it is

ORDERED that:

1. This case has been referred automatically to the Court's Alternative Dispute Resolution ("ADR") program. The ADR Plan and related forms

and information are available at www.nywd.uscourts.gov and the Court Clerk's Office.

    a. No later than **February 1, 2022**, the parties shall confer and select a mediator, confirm the mediator's availability, ensure that the mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court. If the parties fail to so stipulate, the Court shall appoint an ADR neutral.

    b. Any motions to opt out of the ADR process shall be filed by **January 18, 2022**.

    c. The initial mediation session shall be held no later than **March 29, 2022**.

    d. The referral to mediation shall terminate on **May 31, 2022**. In the event that settlement is not reached, the case will progress toward trial, as scheduled below.

    e. The referral of this case to mediation will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial.

2. All mandatory disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure, as well as any objections to the

mandatory disclosure requirements, shall be completed on or before **January 18, 2022**.

3. Settlement conference is scheduled before the undersigned **April 5, 2022, at 9:30 a.m.,** at 1360 U.S. Courthouse, 100 State Street, Rochester, New York, to be attended by counsel and the parties, including a representative of Defendant DOCCS with settlement authority.

4. Plaintiffs shall file a motion for class certification on or before **April 29, 2022.**

5. All motions to join other parties and to amend the pleadings shall be filed within sixty days of the Court's decision on the motion for class certification.

6. All factual discovery in this case shall be completed on or before **August 26, 2022**. All motions to compel discovery shall be filed by **July 29, 2022**.

7. Plaintiffs shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **October 7, 2022**. Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **November 18, 2022**. All parties shall complete all discovery relating to experts, including depositions, by **January 13, 2023.**

8. Dispositive motions, if any, shall be filed no later than **March 25, 2023** Unless a consent to proceed before this Court is filed, such motions shall be made returnable before Judge Siragusa.

3

9. A trial date status conference pursuant to Fed. R. Civ. P. Rule 16(e) and Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions. If no dispositive motions are filed, counsel shall immediately contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

    a. <u>Nature of the Case</u>: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

    b. <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

    c. <u>Settlement:</u> Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

d. <u>Trial:</u> State whether the case is ready for trial.  If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

10. Requests to extend the above cut-off dates may be granted upon written application, made prior to the cutoff date, and showing good cause for the extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court. Letter requests must detail good cause for the extension and propose new deadlines.

11. The Court requires that should any discovery dispute arise between the parties that a letter be sent to the Court detailing the dispute prior to any motion practice.

SO ORDERED.

DATED:      January 4, 2022
            Rochester, New York

<div style="margin-left:50%">

<u>/s/ Mark W. Pedersen</u>
MARK W. PEDERSEN
United States Magistrate Judge

</div>