# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

**Robert Cardew, *et al.*,**

        Plaintiffs,

     v.

**New York State Department of
Corrections and Community
Supervision, et al.,**

        Defendants.

**DECISION and ORDER**

21-cv-6557-CJS-MJP

---

## APPEARANCES

**For Plaintiff:**

> **Chloe Ines Holzman, Esq.**
> Disability Rights Advocates
> 655 Third Ave, 14th Flr
> New York, NY 10017
>
> **Hallie E. Mitnick, Esq.**
> **Megan P. Welch**
> Prisoners' Legal Services
> 114 Prospect St
> Ithaca, NY 14850
>
> **Andrew A. Stecker, Esq.**
> Prisoners' Legal Services
> 14 Lafayette Sq, Ste 510
> Buffalo, NY 14203

**For Defendant:**

> **John A. Marsella, Esq.**
> **Muditha Halliyadde, Esq.**
> Office of the New York State
> Attorney General
> 144 Exchange Blvd, Ste 200
> Rochester, NY 14614

1

## INTRODUCTION

**Pedersen, M.J.** The essence of our system of justice is rational and civil advocacy of a client's position. Sadly, this case has become personal. While I am accustomed to attorneys zealously representing their clients, the parties before me are careening towards incivility.

Lawyers must maintain composure—even if emotions are running high. Regrettably, Defendants' Counsels' unsigned statements in their reply briefing for this motion are far from composed. (Reply, ECF No. 102.)

Defendants' Counsel accuses Plaintiffs' Counsel of "callous disregard for [AAG Brown's] health concerns and unexpected death." (Reply at 2, ECF No. 102, July 31, 2024.) He contends that Plaintiffs "should not be allowed to exploit [AAG Brown's] death," arguing an imbalance between the parties: Plaintiffs are refusing to consent to this extension of deadlines even while they have asked for a stay of expert discovery and may have asked for additional discovery. (*Id.*) No doubt this is painful for Defendants' attorneys: The new AAGs on this case have had only 90 days to untangle a case for which they had nothing more than "a case name and case number." (*Id.* at 5.) And they have had to do while dealing with the grief and difficulty of a colleague's sudden death.

I understand Defendants' Counsel's anguish. And I appreciate Defendants' Counsels' willingness to work with Plaintiffs, whose expert

is indisposed. Judges have long memories; I will remember Defendants' graciousness.

I have reviewed Plaintiffs' submissions carefully. At least for this motion, Plaintiffs argue the law under Fed. R. Civ. P. 16(b)(4). Even when it is difficult to do so, our justice system requires Defendants to do the same. And I must decide this motion on the law. Nothing else.

The question I must decide is this: Should this Court permit Defendants a discovery extension under Fed. R. Civ. P. 16(b)(4)? And relatedly, have Defendants shown the good cause necessary for such an extension? Good cause, I note, requires diligence on Defendants' part.

## MAGISTRATE JUDGE JURISDICTION

Motions for an extension of deadlines under a Court-issued scheduling order are non-dispositive. *See Smith v. Bradt*, 329 F.R.D. 500, 502 (W.D.N.Y. 2019) (citation omitted). So, this motion is committed to my discretion. *See Jones v. J.C. Penny's Dept. Stores, Inc.*, 317 F. App'x 71, 75 (2d Cir. 2009) (finding "no abuse of discretion in the Magistrate Judge's ruling that plaintiff failed to establish good cause for an extension under Rule 16(b)"). This decision and order may be appealed only pursuant to Fed. R. Civ. P. 72(a). If a party moves to reconsider, that motion must be made before me.

## LEGAL STANDARD

A brief tour of Rule 16 is helpful. First, Rule 16(b)(1) requires me to "issue a scheduling order." The rule mandates that I docket a

scheduling order "as soon as practicable[.]" Fed. R. Civ. P. 16(b)(2). For Rule 16(b)(2), "as soon as practicable," means 90 days after "any defendant has been served … or 60 days after any defendant has appeared."

Moving on, I must include specific deadlines in the scheduling order. Fed. R. Civ. P. 16(b)(3); Loc. R. Civ. P. 16(b)(4). Finally, we arrive at Rule 16(b)(4): "A schedule may be modified only for good cause and with the judge's consent." Litigants might ask, why not ignore these onerous rules? Would that I could.

But "federal courts have no more discretion to disregard [a] Rule's mandate than they do to disregard constitutional or statutory provisions." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988). The Federal Rules of Civil Procedure bind District and Magistrate Judges alike. *See Carlisle v. United States*, 517 U.S. 416, 426 (1996) (trial courts lack "the power to develop rules that circumvent or conflict with the Federal Rules"). After all, while "[t]he Federal Rules of Civil Procedure should be liberally construed … they should not be expanded by disregarding plainly expressed limitations." *Schlagenhauf v. Holder*, 379 U.S. 104, 121 (1964). Rule 16(b)(4)'s requirement of diligence is therefore binding.

Equally binding is relevant Second Circuit case law: "Whether good cause exists turns on the 'diligence of the moving party.'" *Callahan v. Cnty. of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024) (quoting *Holmes v.*

*Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). Courts decline to find good cause if the party "knew, or should have known" steps it needed to take (amending a pleading, deposing a witness*, etc.*) "in advance of the deadline sought to be extended." *Smith v. Bradt*, 329 F.R.D. 500, 505 (W.D.N.Y. 2019); *see also Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 253 n.3 (W.D.N.Y. 2012) (finding no good cause where counsel did "little or nothing to schedule depositions" until shortly before the deadline). The movant bears the burden of establishing good cause. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

## DISCUSSION

This case is a putative class action. Plaintiffs have disabilities that require the use of wheelchairs and canes, for example. But the New York Department of Corrections and Community supervision ("DOCCS") and its prisons, which house Plaintiffs, are alleged to often deny the use of wheelchairs, canes, braces, and cushions. Plaintiffs moved for class certification; that motion remains pending.

The issue before me is much narrower. Here, 12 days before the deadline for completing discovery, Defendants served discovery requests on Plaintiffs. (Strecker Decl. Ex. B & C (Requests for Production and Interrogatories (together, the "discovery requests"), ECF Nos. 99-3 & 99-4, July 25, 2024.) Plaintiffs did not agree to extend deadlines. Defendants moved for that relief from me. Defendants ask me to extend discovery by 19 days, making their discovery requests timely.

***Defendants' discovery requests are untimely, requiring an extension.***

I must decide if Defendants' discovery requests are untimely. If they are timely, I need not analyze whether Defendants need an extension. But the weight of authority establishes that when service of new requests is within 30 days of the close of discovery, those requests are untimely. *See, e.g., Siemens Indus., Inc. v. Great Midwest Ins. Co.*, No. 1:23-CV-05046 (JHR) (SDA), 2024 WL 3305602, at *3 (S.D.N.Y. June 4, 2024) ("Failure to serve discovery requests within the time prescribed for responses is sufficient to deny those requests as untimely."); *Joye v. Psch, Inc.*, No. 14CIV3809ATHBP, 2016 WL 3141659, at *4 (S.D.N.Y. June 3, 2016) (collecting cases); *Pullano v. UBS/Paine Webber, Inc.*, No. 03-CV-6313, 2007 WL 9779148, at *4 (W.D.N.Y. Mar. 21, 2007) ("Finally, plaintiff's motion to compel responses to his First Set of Interrogatories is also denied. Rule 33(b)(3) allows a party thirty days to respond to interrogatories, however, plaintiff's interrogatories were untimely served less than one month prior to the discovery deadline.").

***I consider whether Defendants can show diligence, which is required for good cause.***

Next, I consider diligence. About diligence, the 1983 Advisory Committee Notes state: "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of

6

the party seeking the extension." In other words, "[g]ood cause exists where the moving party is unable to comply with a required deadline despite the exercise of due diligence." *George v. City of Buffalo*, 789 F.Supp.2d 417, 425 (W.D.N.Y. 2011).

### My analysis of diligence hinges on Defendants' actions throughout this case.

The question of diligence is not answered by a narrow reference to what a party has (or has not) done since the entry of the most recent scheduling order. For example, courts routinely deny motions to amend on diligence grounds because "good cause may not be established where the facts underlying the claim were known to the plaintiff at the time the action was filed." *Wilkins v. Time Warner Cable, Inc.*, 10 F. Supp. 3d 299, 319 (N.D.N.Y. 2014) (quoting *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 118 (E.D.N.Y. 2011)). For extensions of discovery, I must consider whether the party "had ample time in which to pursue the discovery that it now" seeks or "claims is essential." *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985); *see also Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 793 (S.D.N.Y. 2021), *aff'd sub nom. Rouviere v. Howmedica Osteonics Corp.*, No. 22-3205, 2024 WL 1478577 (2d Cir. Apr. 5, 2024).

### Because diligence involves a case-long analysis, I must consider the actions of Defendants' earlier counsel.

If Defendants had ample time to pursue the discovery requests they now seek, another relevant point is that they are bound by AAG Brown's acts and omissions. *See Emamian v. Rockefeller Univ.*, 823 F. App'x 40, 43–44 (2d Cir. 2020) ("The desire by new counsel to reopen discovery for the purposes of pursuing new damages theories does not amount to 'good cause' necessitating a reversal of the district court's rulings, particularly in light of the prejudice to Rockefeller that would have ensued from additional delay in the already-protracted case." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962))). Even where a court "sympathize[s]" with a party who was the victim of earlier counsel's "negligence," Rule 16(b)(4) and Supreme Court precedent dictate that "a party who voluntarily chooses his attorney 'cannot … avoid the consequences of the acts or omissions of this freely selected agent.'" *Hussain v. Nicholson*, 435 F.3d 359, 363–64 (D.C. Cir. 2006) (quoting *Link*, 370 U.S. at 633–34).

### I must conclude that Defendants cannot show diligence.

Against this backdrop, Defendants cannot show diligence. After all, "an application" to permit untimely discovery "should be denied where the moving party has not persuaded the Court that it was *impossible* to complete the discovery by the established deadline.'" *Gotlin v.*

*Lederman*, No. 04–CV–3736 (ILG) (RLM), 05–CV–1899 (ILG) (RLM), 2007 WL 1429431, at *3 (E.D.N.Y. May 7, 2007) (emphasis added) (quoting *Gavenda v. Orleans Cnty.*, No. 95–CV–0251E, 1996 WL 377091, at *1 (W.D.N.Y. June 19, 1996)) (collecting cases), *report and recommendation adopted*, 2007 WL 2088875 (E.D.N.Y. July 19, 2007). Here, it was possible for Defendants to have served their discovery requests years ago.

Discovery in this case opened at least with my first scheduling order issued in January 2022. (ECF No. 14, Jan. 5, 2022.) I have entered *eight* scheduling orders in this case. (ECF No. 49, Jan. 25, 2023; ECF No. 61, June 14, 2024; ECF No. 67, Aug. 7, 2023; ECF No. 70, Oct. 2, 2023; ECF No. 72, Dec. 18, 2023; ECF No. 75, Dec. 22, 2023; ECF No. 79, May 2, 2024). Surely, from the outset of this case, AAG Brown would have known that he could serve the general discovery requests Defendants now attempt to serve. He did not.

I make no comment on the wisdom of AAG Brown's decision; perhaps he believed that his efforts would be for naught because the parties were in settlement talks. Whatever the reason, because Defendants had "ample opportunity to pursue the evidence" they now seek, I must deny their motion. *Carlson v. Geneva City Sch. Dist.*, 277 F.R.D. 90, 95 (W.D.N.Y. 2011) (citing *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)); *Smith*, 329 F.R.D. at 505;

*Shemendera*, 288 F.R.D. at 253 n.3. Defendants are bound by AAG Brown's decision not to serve discovery requests, despite having had ample time to do so.

This decision could end there. But I think a few more notes will be helpful to the parties. It appears AAG Brown had drafted some interrogatory requests before his death. Even if that is true, and assuming he had served those requests (which he did not), discovery had closed under the then-operative scheduling order. Having reviewed notes and recordings of conferences held with AAG Brown leading up to early April 2024, I must agree with Plaintiffs that AAG Brown did not express—or even hint—that he needed a discovery extension. Plaintiffs provide additional evidence for this, suggesting that AAG Brown believed discovery was closing in this case. (Stecker Decl. Ex. A.)

I likewise do not discount the new AAGs' efforts to wrap their heads around this case. Perhaps the law dictates a harsh result here. But it is the correct result: AAG Brown had ample time to serve discovery but did not. The new AAGs are bound by his inaction. Because Defendants had ample time to serve these discovery requests, they may not do so now. On this record, I cannot find diligence and therefore Defendants' application lacks good cause. I must deny the motion.

### Even if Defendants had shown diligence, I would still deny their motion.

On this record, even if Defendants could show diligence, I find these belated discovery requests prejudice Plaintiffs. "Given the already lengthy delay in completing discovery in this case," I find that "further delay" for Defendants' discovery requests—which Defendants could have served years ago—will prejudice Plaintiffs. *Moore v. Peters*, 341 F.R.D. 463, 474 (W.D.N.Y. 2022) (citing *Moroughan v. County of Suffolk*, 320 F. Supp. 3d 511, 516 (E.D.N.Y. 2018)). While the burden posed by these requests is relatively low, further delay in resolving this case— which seeks injunctive-style relief—militates against permitting further delay.

## PLAINTIFFS' MOTION TO PRECLUDE

Also pending before me is Plaintiffs' motion to preclude witnesses. (ECF No. 98.) However, I construe this motion as a request for a conference, not a formal motion. (Letter Mot., ECF No. 98, July 25, 2024 (purporting to "notify the Court via detailed letter of any discovery disputes" yet requesting that "Defendants be precluded from relying on improperly disclosed witnesses and evidence[]").) I grant Plaintiffs' request insofar as it seeks a conference, and otherwise deny it as premature.

At the upcoming conference, the parties should be prepared to discuss whether I may (or should) hear this motion. Under 28 U.S.C. § 636(b)(1)(A), motions "to dismiss or to permit maintenance of a

class action[]" are not included in the District Judge's referral order to me. They are considered dispositive. But the District Judge has not asked me for a report and recommendation on any dispositive motion. (Text Order, ECF No. 9, Oct. 25, 2021.) Yet Plaintiffs' motion to preclude seems intended to pull the rug out from under Defendants' putative opposition to class certification, notwithstanding Plaintiffs' motion to strike this opposition wholesale on procedural grounds. I am understandably hesitant to tell the District Judge hearing the class certification motion what he may, or may not, consider in rendering a decision.

## CONCLUSION

For these reasons, the Court **DENIES** Defendants' motion for an extension of discovery. Plaintiffs need not respond to Defendants' untimely discovery requests. The Court **continues** its **STAY** of upcoming deadlines, expanding the stay to include all outstanding deadlines in the operative scheduling order.

If the parties wish, they may offer additional letter briefing on Plaintiffs' motion to preclude. If so, the parties must meet, confer, and propose a briefing schedule by no later than August 16, 2024.

**IT IS SO ORDERED.**

Dated:      August 5, 2024
            Rochester, NY         */s/ Mark W. Pedersen*
                                  MARK W. PEDERSEN
                                  United States Magistrate Judge