UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT CARDEW, et al.,

                              Plaintiffs,          DECISION AND ORDER

-vs-

                                                21-cv-6557-MAV-MJP

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et al.,

                              Defendants.

---

Pending before the Court are two separate motions filed by Plaintiffs. ECF Nos. 53 (motion for class certification); 92 (motion for sanctions). In their motion for sanctions, Plaintiffs ask the Court to, among other things, strike Defendants' untimely opposition to their motion for class certification. For the reasons stated below, Plaintiffs' motion for sanctions is DENIED, and the Court exercises its discretion to accept Defendants' opposition to Plaintiffs' motion for class certification. Plaintiffs shall have 30 days from the date of this order to address Defendants' opposition on the merits and to further support their motion for class certification with any additional evidence from discovery.

## BACKGROUND

On August 30, 2021, Plaintiffs commenced this putative class action alleging Defendants' systemic and discriminatory failure to provide people with mobility-related disabilities who are incarcerated at Five Points Correctional Facility with reasonable accommodations. ECF No. 1 at 1. Plaintiffs timely filed a motion for class

1

certification on February 15, 2023, pursuant to an amended scheduling/case management order issued by Magistrate Judge Mark W. Pedersen. ECF No. 49 at 2. On April 11, 2023, District Judge Charles J. Siragusa issued a text scheduling order setting forth the briefing schedule for Plaintiffs' motion for class certification. The text order provided, in relevant part:

> On February 15, 2023, named Plaintiffs filed a motion to certify class [ECF No. 53]. To date, Defendants have not filed opposition papers. Defendants are hereby directed to file and [serve] their response, if any, to Plaintiffs motion to certify class no later than April 28, 2023. The Court will notify the parties if oral argument is deemed necessary; otherwise, the matter will be considered as submitted on the papers, and the Court will issue a written decision and order at its earliest opportunity.

ECF No. 56. Defendants did not file an opposition by the Court-imposed deadline of April 28, 2023. In an appearance on June 27, 2023, then-defense counsel, Assistant Attorney General ("AAG") Matthew Brown ("Brown"), confirmed to the Court that Defendants did not oppose Plaintiffs motion for class certification. ECF No. 63. Plaintiffs' motion remained pending while discovery continued. *See* ECF No. 83 at 2 (explaining that, as of June 21, 2024, Plaintiffs produced 2,000 pages of medical records and other documents; Defendants produced over 11,000 pages of documents; the parties participated in a 3-day joint site visit; and depositions were completed).

Through a letter filed on June 17, 2024, Defendants advised the Court that this case had been reassigned to AAG Muditha Halliyadde ("Halliyadde") in May 2024 following the unexpected death of AAG Brown. ECF No. 80 at 1. The letter indicated that AAG Halliyadde reviewed thousands of pages of discovery and planned

2

to oppose Plaintiffs' pending motion for class certification based, in part, on evidence uncovered during discovery. ECF No. 80 at 1. Over Plaintiffs' objection, *see* ECF No. 83, Defendants filed their opposition on July 5, 2024. ECF No. 89.

In response, Plaintiffs filed the instant motion for sanctions. ECF Nos. 92–94. Defendants opposed (ECF No. 97), and Plaintiffs filed a reply, ECF No. 104. The case was transferred to the undersigned on February 7, 2025. ECF No. 134.

## DISCUSSION

In their motion for sanctions, Plaintiffs move for an order striking Defendants' opposition to their motion for class certification as untimely filed under Rule 16(b)(4) of the Federal Rules of Civil Procedure ("FRCP"), the Court's Local Rule 16, and multiple scheduling orders issued by Magistrate Judge Pedersen. ECF Nos. 92 at 1; 93 at 5, 8. Plaintiffs also request the imposition of costs and fees under FRCP 16(f)(2) due to Defendants' purported violations of the above referenced rules and orders. ECF No. 93 at 11–14. Plaintiffs contend that they are entitled to an order striking Defendants' opposition because Defendants have not demonstrated "good cause" under FRCP 16(b)(4) to warrant modification of the Court's scheduling orders. *Id.* at 8–9.

In response, Defendants contend that the Court should accept their opposition because "new facts emerged during the discovery process implicating the viability of the proposed class definition," and the Court must consider this evidence because it has an obligation to ensure compliance with FRCP 23's requirements at all stages of the litigation. ECF No. 97 at 3–5. In Defendants' view, the emergence of additional

3

facts during the discovery process constitutes "good cause" warranting modification of the Court's scheduling order *Id.* at 5. For the reasons stated below, the Court accepts Defendants' opposition brief.

As an initial matter, the Court rejects Plaintiffs' argument that Defendants' untimely opposition should be struck because they have not complied with the "good cause" standard under FRCP 16(b)(4). ECF No. 93 at 7–11. The Court observes that Plaintiffs' motion for class certification was filed pursuant to a deadline set forth in an amended scheduling/case management order issued by Magistrate Judge Pedersen under FRCP 16(b) and the Court's Local Rule 16. *See* ECF No. 49; *see, e.g.*, ECF No. 14 (prior scheduling/case management order issued by Magistrate Judge Pedersen under Judge Siragusa's Referral Order, FRCP 16, and the Court's Local Rule 16). However, the pertinent deadline at issue here is not Plaintiffs' deadline to file the motion to certify; rather, it is Defendants' response deadline to that motion, which was set by an order issued by Judge Siragusa under Rule 7(b)(1) of the Court's Local Rules. Accordingly, the Court finds that the "good cause" standard under FRCP 6(b) applies instead of the "good cause" standard of Rule 16(b). *See Powercap Partners LLC v. Fleischmann*, No. 20-CV-3428, 2023 WL 2711316, at *2 (E.D.N.Y. Mar. 30, 2023) ("[Rule 16(b)(4)] . . . applies when a movant seeks to extend a deadline in a scheduling order issued pursuant to Rule 16. Rule 6(b)(1) applies where, as here, a litigant fails to comply with a court-imposed deadline."); *Villa v. Southwest Credit Sys.*, No. 19-CV-01701, 2020 WL 3808911, at *4 (W.D.N.Y. June 10, 2020), *report and recommendation adopted by*, 2020 WL 3802936 (W.D.N.Y. 2020) (finding Rule 6(b)

4

governed the plaintiff's request to extend the deadline to file an opposition to the defendant's motion for summary judgment); *Cf. Corkrey v. Internal Revenue Svc.*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000 ("Because the rule which authorized the scheduling order contains a specific provision governing the relief sought here, it is the rule which governs the motion . . . rather than Rule 6(b).").

Rule 6(b)(1) of the Federal Rules of Civil Procedure states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." The Second Circuit has construed this subsection as requiring "a finding of both 'good cause' and 'excusable neglect' when a litigant seeks an extension after a deadline has passed." *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021); *see Doe v. Warren & Baram Mgmt. LLC*, No. 20-CV-9522, 2024 WL 124322, at *2 (S.D.N.Y. Mar. 22, 2024).

"Good cause" in the context of Rule 6(b)(1) is a "non-rigorous standard," *Alexander*, 5 F.4th at 154, and "is usually not difficult to show." *Rankin v. City of Niagara Falls*, 293 F.R.D. 375, 390 (W.D.N.Y. 2013) (quotation omitted), *aff'd*, 569 F. App'x 25 (2d Cir. 2014). "Good cause" will normally be found "in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (quotation omitted). "[U]nder Rule 6(b)(1), as interpreted by case law, the term 'good cause' imposes a light burden, as opposed to the much heavier burden imposed by Rule 16(b)(4)." *Villa*, 2020 WL 3808911, at *4; *see Powercap Partners LLC*, 2023 WL 2711316, at *3 ("Under Rule 16(b), the question of whether good cause exists turns

5

on the diligence of the moving party.") (quotation and brackets omitted).

Similarly, "'excusable neglect' is an 'elastic concept,' that is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Saviano v. Town of Westport*, 337 F. App'x 68, 70 (2d Cir. 2009) (quoting *Tancredi v. Metro Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004)). In determining whether a party's neglect is excusable, courts consider a non-exhaustive list of factors, including: "'[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Saviano*, 337 F. App'x at 70 (quoting *Tancredi*, 378 F.3d at 228). "Federal Rule of Civil Procedure 6(b)(1) gives the district court *wide discretion to grant a request for additional time.*" *Alexander*, 5 F.4th at 154 (quotation and brackets omitted; emphasis in original).

Here, the Court finds that there is "good cause" to extend Defendants' response deadline and that their failure to meet the deadline was caused by "excusable neglect." First, "good cause" exists due to the absence of prejudice to Plaintiffs. The Court disagrees with Plaintiffs' assertion that they would experience prejudice if Defendants' opposition were considered. Even if the Court struck Defendants' opposition and granted Plaintiffs' unopposed class certification motion based on the evidence that existed at the time of filing, Defendants could — and indeed have expressed their intention to — file a motion for decertification based on the evidence uncovered during discovery. ECF No. 97 at 7. In that scenario, Plaintiffs would still

6

retain the burden to demonstrate that the Rule 23 requirements were satisfied in light of the evidentiary development of the case. *Onosamba-Ohindo v. Searls*, 678 F. Supp. 3d 364, 370 (W.D.N.Y. 2023) ("In opposing a decertification motion, as in the original class certification analysis, plaintiffs retain the burden to demonstrate that these [Rule 23] requirements were satisfied by a preponderance of the evidence.") (quotation and brackets omitted); *see Lawrence v. NYC Med. Prac., P.C.*, No. 18-CV-8649, 2024 WL 307842, at *2 (S.D.N.Y. Jan. 26, 2024) (same);[1] *see also Mirkin v. XOOM, LLC*, No. 18-CV-2949, 2024 WL 3063833, at *3 (E.D.N.Y. June 20, 2024) ("A district court has an affirmative duty to monitor its class decisions in light of the evidentiary development of the case.") (quotation and brackets omitted). Thus, Plaintiffs would have to demonstrate that class certification is warranted based on the evidence that now exists whether in response to their initial motion or upon Defendants' subsequently filed motion to decertify.

Second, turning to the "excusable neglect" factors, the Court finds that there is minimal danger of prejudice to Plaintiffs for the reasons stated above. As to the proffered reason for the delay and why Defendants' opposition is being filed now, Defendants highlight the emergence of facts during discovery that "implicat[e] the viability of the proposed class definition" even though "previous defense counsel did not oppose and made representations indicating that he would not oppose" Plaintiffs' motion for class certification. ECF No. 97 at 3. The Court finds these assertions

---

[1] To the extent Defendants would have to show a "significant intervening event" on its motion to decertify, *Mirkin*, 2024 WL 3063833, at *3, such an event could include the availability of new evidence, *Kloppel v. HomeDeliveryLink, Inc.*, No. 17-CV-6296, 2022 WL 1210484, at *3 (W.D.N.Y. April 25, 2022), which Defendants allege here.

reasonable. Subsequent to the filing of Plaintiffs' motion for class certification, the parties took depositions in March and April 2024 and exchanged thousands of pages of documents during discovery. *See* ECF Nos. 83 at 2; 97 at 3. The Court must consider relevant evidence from discovery beyond that which was attached to Plaintiffs' motion at the time it was filed in order to engage in the "rigorous analysis" necessary to ensure that Rule 23(a)'s prerequisites have been satisfied. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc.") (emphasis in original); *accord Elisa W. v. City of New York*, 82 F.4th 115, 127 (2d Cir. 2023); *see General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable.").

Although Plaintiffs timely filed their motion and a decision has been pending since April 28, 2023, there is nothing improper about allowing discovery to proceed before deciding the motion. While courts must determine whether to certify an action at "an early practicable time after a person sues or is sued as a class representative," FRCP. 23(c)(1)(A), "a decision about certification need not be made at the outset" and "a court should delay a certification ruling until information necessary to reach an informed decision is available." *Macpherson v. Firth Rixson Ltd.*, No. 12-CV-6162, 2012 WL 2522881, at *2 (W.D.N.Y. June 28, 2012) (citing FRCP 23(c)(1) advisory committee notes to 2003 amendments); *see Sirota v. Solitron Devices, Inc.*, 673 F.2d

8

566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."). "[A] district court may be reversed for premature certification if it has failed to develop a sufficient evidentiary record from which to conclude that the requirements of numerosity, typicality, commonality of question, and adequacy of representation have been met." *Sirota*, 673 F.2d at 571.

Lastly, the Court disagrees with Plaintiffs' assertion that the case will be significantly delayed if Defendants were allowed to respond. ECF No. 93 at 1. To the contrary, for purposes of judicial economy, the Court finds it more efficient to accept Defendants' opposition and permit a reply instead of issuing a whole new briefing schedule following the submission of a motion to decertify if the Court were to strike Defendants' opposition and grant Plaintiffs' unopposed motion for class certification. The Court also finds it relevant that Defendants' opposition was filed relatively soon after new defense counsel was reassigned the case. *See* ECF Nos. 80 (AAG Halliyadde reassigned case in May 2024); 89 (opposition filed July 5, 2024).

In short, Plaintiffs will have to establish whether now or in the future that class certification is appropriate based on the evidence that currently exists and, therefore, any prejudice flowing to Plaintiffs from the untimely opposition is minimal. To streamline the proceeding, the Court accepts Defendants' opposition and will allow Plaintiffs an opportunity to file a reply. While Plaintiffs' briefs in support of their motion for sanctions briefly address certain arguments made by Defendants in their

opposition, Plaintiffs are entitled to fully respond on the merits to all of the arguments advanced by Defendants before the Court renders a decision on their motion for class certification.

## CONCLUSION

Accordingly, Plaintiffs' motion for an order striking Defendants' opposition and imposing fees and costs associated therewith (ECF No. 92) is DENIED. The Court exercises its discretion to accept Defendants' untimely opposition brief. Plaintiffs shall have 30 days from the date of this Order to address Defendants' opposition on the merits and to further support their motion for class certification if they deem necessary. No further briefing will be permitted. The Court will issue a decision as soon as practicable following Plaintiffs' additional submission.

SO ORDERED.

DATED:   June 16, 2025
         Rochester, New York

                                             _____
                                             HON. MEREDITH A. VACCA
                                             United States District Judge